IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALENTINA GOMEZ,

    Plaintiff,

vs.                              Case No.:

SMART ENDEAVORS ABA, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VALENTINA GOMEZ ("Ms. Gomez" or "Plaintiff") sues Defendant, SMART ENDEAVORS ABA, LLC ("Smart" or "Defendant"), and states:

**NATURE OF ACTION**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

**PARTIES**

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. Defendant was, and continues to be, a Florida limited liability company, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 12493 Brantley Commons Court, Fort Myers, FL 33907.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

5. Defendant is engaged in the business of providing behavioral analysis and therapy services in Lee County. Defendant's business activities within this judicial district are substantial, and not isolated.

6. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

7. At all times material to this action, within the meaning of the FLSA, Defendant was Plaintiff's "employer" and Plaintiff was an "employee" of Defendant.

8. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

9. At all times material, Defendant had gross sales volume of at least $500,000.00 annually.

10. At all times material, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

11. At all material times, Plaintiff was "engaged in commerce" and is individually covered under the FLSA. Plaintiff's duties required communication with out of

state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform her work.

12. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendant.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

13. Plaintiff realleges Paragraphs 1 through 12 as if fully stated herein.

14. Defendant is engaged in the business of providing applied behavior analysis and therapy services to children.

15. As a part of the therapy services it provides, Defendant offers individualized behavioral plans prepared by a behavior analyst.

16. In or around April 2021, Plaintiff was hired by Defendant as a "behavioral analyst."

17. Plaintiff's duties typically consisted of interviewing and observing clients at home, in school, or in a community environment.

18. Plaintiff's duties also required extensive and regular travel between various locations.

19. Plaintiff also performed substantial related administrative tasks such as modifying programs, inputting data, responding to phone calls, text messages and emails and making materials necessary for her job.

20. Defendant classified Plaintiff as an independent contractor even though she was an employee. Plaintiff worked exclusively for the Defendant. Defendant completely controlled the profits and losses. Defendant had the right to control the manner over which the work was to be performed.

21. Defendant terminated Plaintiff in October 2022.

22. In addition to Plaintiff's regular schedule, Plaintiff also worked additional days and hours attending staff meetings, communicating with staff and clients, coordinating appointments for on-site observations, and putting together-home materials for clients.

23. Defendant paid Plaintiff on an hourly basis of $60 per hour. Defendant did not track or compensate Plaintiff for hours that exceeded 40 in a workweek because Defendant misclassified Plaintiff as an independent contractor.

24. In tracking time, Defendant only records those hours which were "billable" to the client and not hours that would be deemed compensable under the FLSA for purposes of overtime compensation.

25. Beginning at the time Plaintiff was hired and continuing through the end of her employment, Plaintiff regularly worked hours and work weeks in excess of forty (40) hours per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

26. At all times material, Plaintiff regularly worked between 45 and 60 hours per week.

27. Plaintiff is entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

28. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendant's actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

30. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, VALENTINA GOMEZ, respectfully requests the following relief:

    a. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207,

    b. Unpaid overtime compensation,

    c. Liquidated damages,

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b), and

    e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

November 21, 2023

        /s/ Jason L. Gunter
        Jason L. Gunter
        Fla. Bar No. 0134694
        Email: Jason@GunterFirm.com
        Conor P. Foley
        Fla. Bar No. 111977
        Email: Conor@GunterFirm.com

        **GUNTERFIRM**
        2165 W. First St, #104
        Fort Myers, FL 33901
        Tel: 239.334.7017